# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: CHERYL LYNNE MAES,      Case No. 04-14871-j7,
*jointly administered with*
Case No. 12-13033-t7

Debtor.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REIMPOSE STAY

THIS MATTER is before the Court on Debtor's Motion to Modify the Order Reopening the Bankruptcy Case and Re-Impose the Automatic Stay (the "Motion"). *See* Docket No. 18. Debtor's Chapter 7 bankruptcy cases were reopened on March 21, 2018. *See* Docket No. 14 in Case No. 04-14871 and Docket No. 19 in Case No. 12-13033. Creditor Santa Fe Community Housing Trust requested joint administration of cases under Case No. 04-14871 and an order was entered granting that request. *See* Docket No. 27. The Court held a status conference on the Motion and set a briefing schedule regarding whether the Court has the authority to reimpose the automatic stay and on other issues. *See* Docket No. 25. Without objection from the parties, the Court ordered that it would decide on the briefs whether the Court has the legal authority to reimpose the automatic stay. *See* Docket No. 26.

The automatic stay comes into effect by operation of law when a debtor commences a case under the Bankruptcy Code.[1] In general, with exceptions, the automatic stay bars acts to collect any debt from the debtor or from property of the bankruptcy estate, outside of the bankruptcy court, without first obtaining an order granting relief from the automatic stay. 11 U.S.C. §362(d). The automatic stay remains in effect:

> (1) . . . until such property is no longer property of the estate; [and] (2) the stay of any other act under subsection (a) of this section continues until the earliest of-- (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a

---

[1] All future references to "Code," "Chapter," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c).

When the debtor is granted a discharge, the automatic stay terminates with respect to any act to collect a debt from the debtor other than from property of the estate. 11 U.S.C. § 362(c)(2). When a Chapter 7 case is closed after the debtor is granted a discharge, the automatic stay also terminates with respect to acts to collect a debt from the debtor against property of the estate that is abandoned to the debtor upon the closing of the case. See 11. U.S.C. § 362(c)(1); 11 U.S.C. § 554(c).[2] If the debtor is not granted a discharge, the closing of the case terminates the automatic stay with respect to any act to collect a debt from the debtor other than from estate property. 11 U.S.C. § 362(c)(2).

In addition, when the debtor is granted a discharge, a discharge injunction goes into effect by operation of law. 11 U.S.C. § 524(a)(2). The discharge injunction replaces the protection the automatic stay afforded the debtor. The discharge injunction is narrower than the automatic stay, as it does not prevent a creditor with a lien against the debtor's property from taking action to enforce remedies against the property subject to the lien. The discharge injunction only "prohibits efforts to collect a debt *as a personal liability of the debtor*." *In re Paul*, 534 F.3d 1303, 1309 n. 6 (10th Cir.2008) (emphasis in original) (citing 11 U.S.C. § 524(a)).[3]

When a bankruptcy case is reopened, it does not vacate the discharge granted to the debtor or the discharge injunction. *See* 11. U.S.C. § 350 (governing the reopening of cases); and 11 U.S.C. § 727(d)-(e) (describing the circumstances under which the discharge may be

---

[2] Section 554(c) provides: "Unless the court orders otherwise, any property scheduled under § 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

[3] *See also In re Jester,* 2015 WL 6389290, *9 n. 58 (10th Cir. BAP 2015) (unpublished) ("The grant of a discharge does not extinguish any debt, it simply prevents any act to collect the debt as a personal liability of the debtor.").

revoked). The discharge injunction, instead of the automatic stay, continues to protect the debtor with respect to the debtor's personal liability for discharged debts. 11 U.S.C. § 524.

The Debtor asks the Court to use its equitable powers to intervene to reimpose the automatic stay in the reopened bankruptcy cases to stay prosecution of a foreclosure action on appeal in state court and to stay an action to enforce a HOP Agreement pending in federal district court. This Court does not have the authority under § 105(a) to reimpose the automatic stay, as requested. The provisions of the Code carefully govern the protection of the automatic stay and when the automatic stay terminates and is replaced by the discharge injunction for debtors who are granted a discharge. The Code defines the protection granted to a debtor while the automatic stay is in place and the protection afforded by the discharge injunction that replaces the automatic stay. No provision in the Code provides for or contemplates reimposing the stay after it is terminated. *See In re Trevino*, 78 B.R. 29, 37 (Bankr. M.D. Pa. 1987) ("Moreover, there is no statutory provision in which Congress has authorized a Bankruptcy Court once it has terminated the automatic stay pursuant to § 362(c)(2) to continue imposition of the automatic stay.") (internal citations omitted); *In re Gruetzmacher*, 145 B.R. 270, 274 (Bankr. W.D. Wis. 1991) ("The Court . . . holds that the reopening of the debtor's bankruptcy case . . . did not reinstate the automatic stay provisions of 11 U.S.C. § 362.").

Section 105(a) does not allow a bankruptcy court to contravene explicit provisions of the Code. *Law v. Siegel*, 571 U.S. 415, 421 (2014). "[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Id*. Reimposing the automatic stay upon reopening the bankruptcy cases would contravene the provisions of the Code governing the termination of the automatic stay and the protection

afforded by the discharge injunction that replaces the automatic stay and therefore is not within the Court's authority under § 105(a).

    Having heard from the parties and for the reasons stated above,

    IT IS HEREBY ORDERED that the Motion is denied.

_____<br>
ROBERT H. JACOBVITZ<br>
United States Bankruptcy Judge

Date entered on docket: July 31, 2018.

COPY TO: All counsel of record via CM/ECF